## DAVIS v. WATSON.

Opinion delivered October 17, 1927.

LEVEES—REPEAL OF SPECIAL STATUTE.—Acts 1923, No. 130, which is a special act applying to White River Levee District in certain counties, *held* repealed by Acts 1927, p. 388, which is a general act covering the same subject.

Appeal from Woodruff Chancery Court, Southern District; A. L. Hutchins, Chancellor; reversed.

*Jonas F. Dyson*, for appellant.

*Ross Mathis*, for appellee.

HUMPHREYS, J. Appellant is a landowner and a taxpayer in the White River Levee District of Woodruff, Prairie and Monroe counties. He instituted this suit in the chancery court of Woodruff County, in the Southern District, to enjoin the directors of said district from issuing any funding or refunding bonds under act No. 130 of the General Assembly of 1923, which allowed the board of directors of said district to refund the bonds without any restrictions whatever, alleging that said act had been repealed by act No. 126 of the General

Assembly of 1927, which allowed the districts in the State to refund their respective indebtednesses under certain restrictions, provided fifty-one per cent. of the landowners in the particular district should evidence a desire to do so by petition.

A demurrer was sustained to the complaint and a consequent judgment rendered, dismissing same, from which an appeal has been duly prosecuted to this court.

The only question presented by the appeal is whether act No. 126 of 1927 repeals Act No. 130 of 1923. Act No. 130 of 1923 is a special act and act No. 126 of 1927 is a general act. Both relate to the same subject, the earlier act applying to White River Levee District of Woodruff, Prairie and Monroe counties and the later act purporting to apply to all districts in the State. By reference to the later act it will be observed that it is exclusive in the sense that it covers the general subject-matter to which it relates, and, under the rule announced by this court in the case of *Hampton* v. *Hickey*, 88 Ark. 324, 114 S. W. 707, necessarily repeals the earlier act by implication, even if act No. 130 of 1923 is a special statute.

On account of the error indicated the decree is reversed, and the cause is remanded with directions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Mr. Justice SMITH dissents.